UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § § § | Claim No: 2011A20674 |
| vs. | | |
| Freddie Goss | | |

## COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

The United States of America, plaintiff, alleges that:

### Jurisdiction

1. This Court has jurisdiction over the subject matter of this action pursuant to Article III, Section 2, U.S. Constitution and 28 U.S.C. § 1345.

### Venue

2. The defendant is a resident of Wayne County, Michigan within the jurisdiction of this Court and may be served with service of process at 14240 Linnhurst St., Detroit, Michigan 48205.

### The Debt

3. The debt owed the USA is as follows:

| | |
|---|---:|
| A. Current Principal *(after application of all prior payments, credits, and offsets)* | $6,695.66 |
| B. Current Capitalized Interest Balance and Accrued Interest | $6,088.50 |
| C. Administrative Fee, Costs, Penalties | $0.00 |
| D. Credits previously applied *(Debtor payments, credits, and offsets)* | $0.00 |
| E. Attorneys fees | $0.00 |
| **Total Owed** | **$12,784.16** |

The Certificate of Indebtedness, attached as Exhibit A", shows the total owed excluding attorney's fees and CIF charges. The principal balance and the interest balance shown on the Certificate of Indebtedness is correct as of the date of the Certificate of Indebtedness after application of all prior payments, credits, and offsets. Prejudgment interest accrues at the rate of 3.270% per annum.

### Failure to Pay

4. Demand has been made upon the defendant for payment of the indebtedness, and the defendant has neglected and refused to pay the same.

WHEREFORE, USA prays for judgment:

A. For the sums set forth in paragraph 3 above, plus prejudgment interest through the date of judgment, all administrative costs allowed by law, and post-judgment interest pursuant to 28 U.S.C. § 1961 that interest on the judgment be at the legal rate until paid in full;

B. For attorneys' fees to the extent allowed by law; and,

C. For such other relief which the Court deems proper.

Respectfully submitted,

By: s/Charles J. Holzman (P35625)
Holzman Corkery, PLLC
Attorneys for Plaintiff
Tamara Pearson (P56265)
28366 Franklin Road
Southfield, Michigan 48034
(248) 352-4340
usa@holzmanlaw.com

U.S. DEPARTMENT OF EDUCATION
SAN FRANCISCO, CALIFORNIA

**CERTIFICATE OF INDEBTEDNESS #1 OF 1**

        Freddie Goss
        aka: Freddie L Goss
        14240 Linnhurst St
        Detroit, MI 48205
        Account No.

I certify that U.S. Department of Education records show that the borrower named above is indebted to the United States in the amount stated below plus additional interest from 10/18/10.

On or about 07/26/94, the borrower executed promissory note(s) to secure loan(s) of $6,625.00 from NBD, Flint, MI. This loan was disbursed for $2,625.00 & $4,000.00 on 08/16/94-11/22/94, at a variable rate of interest to be established annually by the Department of Education. The loan obligation was guaranteed by MICHIGAN HIGHER EDUCATION ASSISTANCE AUTHORITY, and then reinsured by the Department of Education under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. 1071 et seq. (34 C.F.R. Part 682). The holder demanded payment according to the terms of the note, and credited $732.61 to the outstanding principal owed on the loan. The borrower defaulted on the obligation on 06/27/96 and 03/20/97, and the holder filed a claim on the loan guarantee.

Due to this default, the guaranty agency paid a claim in the amount of $6,695.66 to the holder. The guarantor was then reimbursed for that claim payment by the Department under its reinsurance agreement. Pursuant to 34 C.F.R. § 682.410(b)(4), once the guarantor pays on a default claim, the entire amount paid becomes due to the guarantor as principal. The guarantor attempted to collect this debt from the borrower. The guarantor was unable to collect the full amount due, and on 10/08/02, assigned its right and title to the loan to the Department.

Since assignment of the loan, the Department has credited a total of $0.00 in payments from all sources, including Treasury Department offsets, if any, to the balance. After application of these payments, the borrower now owes the United States the following:

| | |
|---|---|
| Principal: | $ 6,695.66 |
| Interest: | $ 5,991.32 |
| Total debt as of 10/18/10: | $ 12,686.98 |

Interest accrues on the principal shown here at the current rate of 3.27 percent and a daily rate of $0.60 through June 30, 2011, and thereafter at such rate as the Department establishes pursuant to section 427A of the Higher Education Act of 1965, as amended, 20 U.S.C. 1077a.

Pursuant to 28 U.S.C. § 1746(2), I certify under penalty of perjury that the foregoing is true and correct.

Executed on: 12/7/10

_____
Loan Analyst
Litigation Support

Peter La Roche
Loan Analyst

## Application and Promissory Note for Federal Stafford Loans (Subsidized and Unsubsidized) and Federal Supplemental Loans for Students (SLS)

**WARNING:** Any person who knowingly makes a false statement or misrepresentation on this form is subject to penalties which may include fines or imprisonment under the United States Criminal Code and 20 U.S.C. 1097

**Guarantor or Program Identification:** MICHIGAN GUARANTY AGENCY
MI G516·21·1

### BORROWER SECTION — Please Print Neatly or Type — READ THE INSTRUCTIONS CAREFULLY

1. Last Name: Goss    First Name: Freddie    MI: L
2. Social Security Number: [blank]
3. Permanent Street Address: 9911 Somerset 48224
   City: Detroit    State: MI.    Zip Code: 48224
4. Telephone Number: (313) 527-5437
5. Loan Period (MO/YR): From 7-94 To 4-95
6. Driver's License Number: NONE
7. Lender Name: National Bank of Det.
8. Lender Code, if Known: 805974
9. Date of Birth (MO/DAY/YR): [blank]
10. a. Check the interest rate for your most recent Federal Stafford Loan, if any: 7%, 8%, 9%, 8/10%, Variable — [none checked]
    b. Do you currently have an outstanding Federal SLS, PLUS, or Consolidation Loan(s) at agencies other than the one this application will be processed by? If yes, check here [blank]

11. REFERENCES — You must provide two separate references with different addresses. Both references must be completed fully.

| | Reference 1 | Reference 2 |
|---|---|---|
| Name | L.C. Goss | Michelle Goss |
| Permanent Address | 13901 Houston Whittier | 14240 Linnhurst |
| City, State Zip Code | Detroit MI. 48205 | Detroit MI 48205 |
| Area Code/Telephone | ( ) | ( ) |
| Relationship to Borrower | Father | Sister |

### LOAN ASSISTANCE REQUESTED

12. I wish to apply for the following types of loans in the order presented to the extent that I am eligible (See instructions — Select all that apply)
    a. ✓ SUBSIDIZED FEDERAL STAFFORD
    b. ✓ UNSUBSIDIZED FEDERAL STAFFORD
    c. [ ] FEDERAL SUPPLEMENTAL LOANS FOR STUDENTS (SLS)

13. I request a total amount under these programs not to exceed: $6625.00

14. If I check yes, I am requesting postponement (deferment) of repayment for my Stafford and SLS loan(s) during the in-school and grace periods. If I check no, I do not want to defer repayment.
    a. Yes, I want a deferment [ ]    b. ✓ No, I do not want a deferment

15. If I check yes, I am requesting that the lender add the interest on my unsubsidized Stafford and SLS loan(s) which accrues during the in-school and deferment periods, to my loan principal (capitalization). If I check no, I prefer to pay the interest.
    a. Yes, I want my interest capitalized [ ]    b. ✓ No, I prefer to pay the interest

16. If my school participates in EFT, I authorize the school to transfer the loan proceeds received by EFT to my student account:   a. Yes [ ]   b. ✓ No

17. Are you delinquent on any non Title IV federal debt?   a. Yes [ ]   b. ✓ No

### PROMISSORY NOTE (Continued on the reverse side)

**PROMISE TO PAY**

I promise to pay to the Lender, or a subsequent holder of this Promissory Note, all sums disbursed (hereafter "loan" or "loans") under the terms of this Note, plus interest and other fees which may become due as provided in this Note. If I fail to make payments on this Note when due, I will also pay reasonable collection costs, including attorney's fees, court costs and collection fees. I understand I may cancel or reduce the size of any loan by refusing to accept any disbursement that is issued.

I understand that this is a Promissory Note. I will not sign this Note before reading it, including the writing on the reverse side, even if otherwise advised. My signature certifies I have read and agree to the terms and conditions, including the "Borrower's Certification," printed on the reverse side of this Application and Promissory Note.

**THIS IS A LOAN(S) THAT MUST BE REPAID**

18. Borrower's Signature: Freddie L Goss
    Today's Date (MO/DAY/YR): 7-26-94

### SCHOOL CERTIFICATION SECTION — TO BE COMPLETED BY SCHOOL

19. School Name: MICHIGAN CAREER INSTITUTE
25. School Code/Branch: 007553
30. Telephone Number: 313 526-6600
20. Street Address: 14520 GRATIOT
    City: DETROIT    State: MI    Zip Code: 48205
26. Cost of Attendance: $14340.00
27. Federal Expected Family Contribution: $240.00
31. Recommended Disbursement Date(s) (MO/DAY/YR):
    1st. 8-15-94   2nd. 11-21-94   3rd. [blank]   4th. [blank]
21. Loan Period (MO/DAY/YR): From 7-27-94 To 4-13-95
28. Estimated Financial Aid: $2510.00
22. Grade Level: 1
29. Certified Loan Amount(s):
    a. Subsidized: $2625.00
    b. Unsubsidized: $4000.00
    c. SLS: $[blank]
32. Signature of Authorized School Official: [signature]
    Print or Type Name: LORETTA M. DeLEO
23. Enrollment Status: Full Time ✓   At Least Half-Time [ ]
24. Anticipated Completion (Graduation) Date (MO/DAY/YR): 6-7-95
Date: 8.4.94
Check box if electronically transmitted to guarantor ✓

### LENDER SECTION — TO BE COMPLETED BY LENDER

33. Lender Name: N.B.D.
34. Lender Code/Branch: 805974
35. Telephone Number: (810) 760-8184
36. Lender Use Only: [blank]
Street Address: 1 E. First St
37. Amount(s) Approved:
    a. Subsidized: $2625.00   b. Unsubsidized: $4000.00   c. SLS: $[blank].00
City: Flint    State: MI    Zip Code: 48502
38. Signature of Authorized Lending Official: Marcia L. [signature]
Print or Type Name, Title and Date: LA 8/11/94

LENDER COPY

I declare under penalty of perjury that the foregoing is a true & correct copy of the original promissory note.

Signature _____

Title: Manager

Date 10/01/10

# Promissory Note (continued)

## Disclosure of Terms

This Note may apply to one or more of the following types of loans which have different terms subsidized Federal Stafford Loan unsubsidized Federal Stafford Loan and Federal Supplemental Loans for Students (SLS) I agree that the lender or any subsequent holder may assign my loan(s) and acknowledge that any one loan may be assigned independently of any other loan to which this Note applies

At or before the time of my first disbursement the lender will send me a Disclosure Statement identifying additional terms of each loan Important additional terms are disclosed in the statement of Borrower's Rights and Responsibilities accompanying this Note

## Interest

Interest accrues on the unpaid principal balance of each loan from the date of disbursement until the entire principal balance is paid in full I must pay all interest charges on my unsubsidized Federal Stafford Loan and Federal SLS Loan For a subsidized Federal Stafford Loan I do not pay interest payable by the federal government under the Higher Education Act of 1965 as amended and applicable U S Department of Education regulations (collectively referred to as the Act) Unless my lender notifies me in writing of a lower rate(s) the rate(s) of interest for my loan(s) are those specified in the Act and presented in the statement of Borrower's Rights and Responsibilities I also may receive rebates of interest as provided by the Act

Unless I have requested that the interest that accrues on my unsubsidized Federal Stafford and Federal SLS Loans be added to the principal balance of my loans (referred to as Capitalization) I will begin paying interest upon disbursement of such loans Should I fail to make required payments of interest prior to the commencement of principal-repayment or during a period of authorized deferment or forbearance I agree that the holder may Capitalize such interest to the extent permitted by the Act

## Origination Fee and Guarantee Fee

For each loan the federal government charges an origination fee equal to the amount required by the Act The guaranty agency that guarantees my loan(s) (the Guarantor) may charge a guarantee fee not to exceed a maximum amount specified in the Act I will pay these fees as identified in the Disclosure Statement which will be deducted proportionately from each disbursement of my loan(s) I understand the origination and guarantee fees are refundable only if a disbursement is canceled or repaid in full within 120 days of disbursement

## Late Charges and Collection Costs

If I fail to make any part of an installment payment within 10 days after it becomes due the holder may collect from me a late charge not to exceed 6% of each late installment If I default on a loan(s) I shall pay reasonable collection fees and costs plus court costs and attorney fees

## Repayment

Federal Stafford Loans have a repayment "Grace Period" usually until 6 months after I end enrollment as at least a half time student at an eligible school My Grace Period will be disclosed in my Disclosure Statement

I will repay the principal of my loan(s) in periodic installments during a repayment period(s) that begins (i) in the case of a subsidized or unsubsidized Federal Stafford Loan on the day immediately following the end of my Grace Period (ii) in the case of a Federal SLS Loan on the day of the final disbursement My principal repayment period for each loan generally lasts five years but may not exceed ten years exclusive of any period of deferment or forbearance

The holder of my loan(s) will provide me with a Repayment Schedule that identifies my payment amounts and due dates The minimum annual payment required on all my Federal Stafford and Federal SLS Loans is $600 or the amount of interest due and payable whichever is larger If I am eligible and I request it my lender must provide me with a graduated or income sensitive Repayment Schedule consistent with the provisions of the Act

My Repayment Schedule may include all of my loans that are owned by the holder of this Note I agree the holder may grant me a forbearance for purposes of aligning payment dates on my loans or to eliminate a delinquency that persists even though I am making scheduled payments I may prepay all or any part of the unpaid balance on my loans at any time without penalty

## Acceleration and Default

At the option of the holder the entire unpaid balance shall become immediately due and payable upon the occurrence of any one of the following events (i) I fail to enroll as at least a half time student at the school that certified my Application (ii) I fail to use the proceeds of the loan(s) solely for educational expenses (iii) I make false representation that results in my receiving a loan(s) for which I am not eligible or (iv) I default on the loan(s)

The following events shall constitute a default on a loan (i) I fail to pay the entire unpaid balance after the holder has exercised its option under the preceding paragraph or (ii) I fail to make installment payments when due or fail to comply with other terms of the loan(s) and the Guarantor reasonably concludes I no longer intend to honor my repayment obligation provided my failure has persisted for at least 180 days for payments due monthly or 240 days for payments due less frequently than monthly If I default the Guarantor may purchase my loan and Capitalize all then-outstanding interest into a new principal balance and collection fees will become immediately due and payable

If I default this will be reported to National Credit Bureau Organizations and will significantly and adversely affect my credit rating I acknowledge that a default shall have additional adverse consequences to me as disclosed in the statement of Borrower's Rights and Responsibilities Following default the loan(s) may be subject to income-contingent repayment (including potential collection of amounts in excess of the principal and interest) in accordance with the Act

## Governing Law and Notices

The terms of this Note will be interpreted in accordance with the Higher Education Act of 1965 as amended (20 U S C 1070 et seq) other applicable federal statutes and regulations and the Guarantor's policies Applicable state law except as preempted by federal law may provide for certain borrower rights remedies and defenses in addition to those stated in this Note

If this loan is made by the school or if the proceeds of this loan are used to pay tuition and charges of a for profit school that refers loan applicants to the lender or that is affiliated with the lender by common control contract or business arrangement any holder of this Note is subject to all claims and defenses which I could assert against the school My recovery under this provision shall not exceed the amount I paid on this loan

If I reside in the state in which the principal office of the Guarantor is located the Guarantor may sue to enforce this loan in the county in which the Guarantor's office is located However if I object to being sued there and I mail a written objection to the Guarantor that is postmarked no later than 30 days after I am served with the suit the Guarantor will either have the court transfer the suit to the county in which I live or will dismiss the lawsuit

Any notice required to be given to me will be effective if mailed by first class mail to the latest address I have provided to the holder of this Note or if the holder reasonably determines that this address is no longer my address to the latest address secured by the holder from the Department of Education or other reliable source Failure by the holder to enforce or insist on compliance with any term on this Note shall not be a waiver of any right of the holder No provision of this Note may be modified or waived except in writing If any provision of this Note is determined to be unenforceable the remaining provisions shall remain in force

## Borrower Certification

I declare under penalty of perjury that the following is true and correct (1) I certify that the information contained in the Borrower Section of the Application is true complete and correct to the best of my knowledge and belief and is made in good faith (2) I certify that loan proceeds will be used for authorized educational expenses and that I will immediately repay any loan proceeds that cannot reasonably be attributed to educational expenses for attendance on at least a half time basis at the certifying school for the loan period certified on the Application (3) I certify that the total amount of loans I receive under this Note will not exceed the allowable maximums under the Act (4) I authorize my school to pay to the holder any refund that may be due to me up to the amount of the loan(s) (5) I certify that I do not now owe a refund on a Federal Pell Grant Basic Educational Opportunity Grant Supplemental Educational Opportunity Grant or a State Student Incentive Grant and that I am not now in default on any loan received under the Federal Perkins Loan Program (including NDSL loans) or the Federal Family Education Loan Program (or "FFELP" as defined in the statement of Borrower's Rights and Responsibilities) or if I am in default I have made payment arrangements that are satisfactory to the holder (6) I authorize the holder(s) of my loan(s) the Guarantor or their agents to investigate my credit record and report information concerning my loan status to proper persons and organizations (7) I authorize the release of information pertinent to this loan (i) by the school current holder and the Guarantor or their agents to members of my immediate family unless I submit written directions otherwise and (ii) by and amongst my schools lenders Guarantors subsequent holders the Department of Education and their agents (8) So that the loan(s) requested can be under its control nonprofit organiz Guarantors to ver my loan records is I have read and u Rights and Respo

The undersigned does hereby sell, assign, transfer and set over unto the Michigan Higher Education Assistance Authority its interest in this note. EduServ Technologies, Inc. as authorized agent of:

Lender: _AL BD Bank, N.A._

By: _[signature] Christine_ Date: 4/30/16

## School Certification

I hereby certify that the borrower named is making basis and is makir student is an eligible borrower in accordance with the Act I further certify that the Borrower is currently for a Pell Grant has been determined that the borrower is not incarcerated and that the borrower has been determined eligible for loan(s) in the amount(s) certified I further certify that the disbursement schedule complies with the requirements of the Act and hereby authorize the Guarantor to adjust disbursement dates if necessary to ensure compliance with the Act I further certify that based on records available and due inquiry the borrower has met the requirements of the Selective Service Act that the borrower is not liable for an overpayment of any federal grant made under the Act and that the information provided in the Borrower and the School sections of the Application (including information supplied in electronic format) is true complete and accurate to the best of my knowledge and belief I agree to provide the borrower with confirmation of any transfer of funds through EFT to the borrowers student account

I declare under penalty of perjury that the foregoing is a true & correct copy of the original promissory note.

Signature _____
Title: Manager
Date   10/01/10